**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LONNIE LOVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-257-R |
| | ) | |
| | ) | |
| KAMERON HARVANEK, Warden, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER**

Petitioner, a state prisoner appearing *pro se*, filed the instant action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for sexual abuse of a child under 12 in the District Court of Caddo County, Case No. CF-13-218. This Court denied Petitioner's previous attempt at habeas relief in 2018. *Love. v. Martin*, No. CV-17-761, 2018 WL 5730164 (W.D. Okla. Nov. 2, 2018). Now, Petitioner mounts another attempt at habeas relief, re-urging previous arguments, claiming he is "actually innocent" given new evidence that has come to light, and requesting an evidentiary hearing. *See* Docs. 1-2.

Pursuant to 28 U.S.C. § 636(b)(1), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. Judge Erwin issued a Report and Recommendation wherein he recommended the Court deny the Petition, decline to transfer the matter to the Tenth Circuit Court of Appeals, and deny the request for an evidentiary hearing. Doc 9 at 7. Petitioner filed a timely Objection [Doc. 10], so this Court now must

undertake a *de novo* review of the portions of the Report to which Petitioner made a specific objection. Doc. 10; *See* FED. R. CIV. P. 72(b)(3). Having conducted this *de novo* review, the Court ADOPTS Judge Erwin's Report and Recommendation.

Petitioner recognizes his instant habeas petition is untimely and improper absent exceptional circumstances. Doc. 10 at 1. As Judge Erwin noted, Petitioner requires authorization from the Tenth Circuit to proceed with this successive habeas petition. Doc. 10 at 3 (citing 28 U.S.C. § 2244(b)(3)(A)). Petitioner attempts to overcome this by requesting "equitable tolling" justified by the "cumulative impact" of his *pro se* status and procedural hurdles caused by his incarceration. Doc. 10 at 2. However, the issue with this second petition is not the timeliness of it. Whether Petitioner's second habeas petition came promptly after his first or not is immaterial. The lack of Tenth Circuit authorization to proceed divests this Court of jurisdiction to consider the Petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Alternatively, Petitioner claims "actual innocence" enables him to proceed with his successive habeas petition. *See, e.g., McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, as noted by Judge Erwin, there are multiple issues with Plaintiff's theory. First, a Petitioner's claim of actual innocence does not obviate the requirement of obtaining Tenth Circuit authorization for a successive habeas petition. *Davis v. Brownback*, 646 F. App'x 637, 640 (10th Cir. 2016). Second, Petitioner never even attempts to describe what the new evidence *actually is* that purportedly exculpates him. *See* Doc. 9 at 3, 6.

2

Furthermore, Petitioner provides this Court with no reason to transfer his Petition to the Tenth Circuit Court of Appeals. A district court has discretion in determining whether a transfer is in the interest of justice. *Cline* at 1251.

> Factors considered in deciding whether a transfer [to the Tenth Circuit] is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* Here, no factor weighs in favor of a transfer. Petitioner provides no basis in his Petition or Objection for finding this successive attempt at habeas relief has merit. Indeed, any future attempt at habeas relief through the district court will likely be found to be in bad faith. *See id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)).

Accordingly, the Court ADOPTS Judge Erwin's Recommendation in its entirety. The Petition and the Petitioner's request for an evidentiary hearing are DENIED. Likewise, the Court does not find that transfer of the Petition to the Tenth Circuit is warranted.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See United*

3

*States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). Petitioner has not satisfied this standard, and a certificate of appealability is therefore DENIED.

   **IT IS SO ORDERED** this 17th day of May 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE